FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 JUL 30 AM 10: 33

U.S. DISTRICT COURT
N.D. OF ALABAMA

DEBORAH SCALES,             }
                            }
    Plaintiff,              }
                            }
v.                          }   CASE NO. CV 96-B-1863-S
                            }
BIRMINGHAM HOUSING          }
AUTHORITY,                  }   **ENTERED**
                            }
    Defendant.              }   JUL 3 0 1997

MEMORANDUM OPINION

This matter is before the court on defendant's unopposed Motion for Summary Judgment. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's motion is due to be granted.

In this suit, plaintiff Deborah Scales ("plaintiff"), a black female, alleges that her employer, defendant Birmingham Housing Authority ("defendant"), engaged in race and gender discrimination in violation of "the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991 and 42 U.S.C. Section 1983, Due Process Clause and Equal Protection Clause of the 14th Amendment." (Compl. at unnumbered p. 4).

On May 16, 1997, defendant filed the motion for summary judgment presently before the court. On June 16, 1997, the court entered an Order in which it granted plaintiff's Motion for Continuance, and gave plaintiff until July 1, 1997 to submit any opposition to defendant's Motion for Summary Judgment. Having received no opposition from plaintiff, this matter is now ripe for decision.

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendant is entitled to a judgment as a matter of law. Plaintiff has not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of defendant. Thus, plaintiff has not only failed to meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, but also, and most importantly, the facts and law applicable to this case warrant a grant of summary judgment for

defendant. Consequently, the court holds that defendant's motion for summary judgment is due to be granted.

**DONE** this 30th day of July, 1997.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge

3